RUGGLES v. DAUBERT.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1632. Decided Nov. 17, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

481. EXCAVATIONS—829. Negligence.

Allegation that water, from defendant's water pipe and from cistern, leaked into plaintiff's excavation, causing damage to plaintiff's premises and building and endangering the lives of workmen engaged in excavating, without allegation that water pipe and cistern were negligently maintained by defendant, or that their leaking condition was produced by act of defendant, does not state facts sufficient to constitute cause of action.

Error to Common Pleas.

Judgment affirmed.

Griffith & Griffith, Columbus, for Ruggles.

O. H. Mosier and John A. Conner, Columbus, for Daubert.

FULL TEXT.

BY THE COURT.

The parties stand in the same relation here as in the court below.

Ruggles and Daubert were the owners of adjoining property. Daubert had built on her property within a few feet of the dividing line. Ruggles was proposing to build on his property up to the dividing line and for the purposes thereof made an excavation on his own lot. Ruggles sought to recover damages. The petition was in two causes of action. A demurrer was sustained to the first cause of action and as there was no error prosecuted therefrom that cause of action is not before this court. Later on a demurrer was sustained to the second cause of action and error has been prosecuted thereto.

By the second cause of action Ruggles seeks to recover loss for the delay in the construction of his building caused by the failure of defendant to properly protect the banks.

It is alleged that plaintiff notified defendant of the proposed excavation and requested her to shore up and protect her building and her soil. This she refused to do. The gist of the cause of action is then stated as follows:

"Plaintiff further says that the defendant failed, neglected and refused to protect her property in any way whatever; that during the period of excavation and before plaintiff had reached the depth of nine feet below the established grade water leaking from defendant's water pipe and from her cistern caused the earth on the north side of defendant's premises to fall and cave into plaintiff's premises causing defendant's north wall to bulge and become unsafe, dangerous and insecure and in great danger of falling into and upon the premises of plaintiff, injuring plaintiff's premises and endangering the lives of the workmen engaged in excavating plaintiff's said premises."

This cause of action does not bring in the city ordinances but is based on the state law, to-wit Sections 3782 G. C. and 3783 G. C. It is clear that the common law in reference to lateral supports still exists in Ohio subject only to the modifications by the statutes above referred to. These statutes give adjoining property owners the right to excavate to a depth of nine feet below the curb or streets or below the established grade of the streets without liability to the adjoining owner. Here it appears by the averments of the second cause of action that plaintiff had not excavated to a greater depth than that allowed by statute. But that alone does not give him any cause of action against the adjoining lot owner unless his petition shows definitely that the adjoining land owner was negligent in some respect in the maintenance of his property or had violated some provision of the statutory law or of the common law in respect to lateral support. As we view the second cause of action the basis of the liability is founded upon the averment that water from the defendant's water pipe and from her cistern produced the condition and caused the damage. Now there is no averment that the water pipes and cistern were negligently maintained by the defendant or that their leaking condition was produced by any act of the defendant. For aught the petition shows these conditions might have been caused by the plaintiff in making the excavation for his own building. In the absence of any charge in the petition in the second cause of action that the defendant was negligent in respect to the water pipes

or cistern or did some act which caused the leaking of the water therefrom we think that the defendant can not be held liable for the resulting damages. We are therefore of the opinion that the demurrer to the second cause of action was properly sustained and that the judgment should be affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)